E-FILED
Wednesday, 09 November, 2011 02:42:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| FRANKIE ALICEA, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 11-cv-1359 |
| RICARDO RIOS, *Warden*, | ) ) | |
| Respondent. | ) ) ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Frankie Alicea's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In 1994, a jury convicted Petitioner of assaulting a U.S. postal inspector, a violation of 18 U.S.C. § 111; using a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c); unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g); and possession of stolen mail, a violation of 18 U.S.C. § 1708. (Doc. 1 at 1). Petitioner received an enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), after the court determined that Petitioner had previously committed crimes of violence and serious drug offenses. (Doc. 1 at 2). Based on this enhancement, the court imposed a sentence of 322 months. Petitioner pursued a direct appeal, which was unsuccessful. (94-cr-348-1, Doc. 61). In 1997, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, in which he argued that he had received ineffective assistance of counsel at sentencing. (97-cv-2607). His petition was denied. In 2010, Petitioner filed a Petition for Writ of Error

1

Coram Nobis. (94-cr-348-1, Doc. 62). The court denied Petitioner's petition, finding that it was successive § 2255 motion which Petitioner had not received authorization from the Court of Appeals to pursue. (94-cr-348-1, Doc. 67). Three months later, Petitioner yet again filed a motion attacking his sentence, this time under 18 U.S.C. § 3582. (94-cr-348-1, Doc. 69). Again he was unsuccessful. (94-cr-348-1, Doc. 74).

In his instant Petition, Petitioner argues that two recent legal developments make his sentence both illegal and vulnerable to collateral attack. First, Petitioner maintains that after *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), the failure of Illinois post-release authorities to inform him that his right to possess firearms had not been restored necessarily means that his "prior convictions for burglary and delivery of a controlled substance do not qualify under 18 U.S.C. § 921(a)(20) as predicates for ACCA enhancement." (11-cv-1359, Doc. 1 at 3). He also argues that his convictions for delivery of a controlled substance do not qualify as predicate drug offenses under the ACCA, though he points to no intervening change of law to support this proposition. (11-cv-1359, Doc. 1 at 5).

Second, Petitioner argues that the Court should not construe Petitioner's Petition as a successive § 2255 motion, because, he claims, "developments in the Seventh Circuit's savings clause jurisprudence permits habeas petitioners—such as Mr. Alicea—to utilize § 2241 to seek review of an improperly enhanced ACCA sentence." (11-cv-1359, Doc. 1 at 2). In support of this proposition, Petitioner cites

*Narvaez v. United States*, 641 F.3d 877 (7th Cir. 2011).[1] Petitioner also alleges that he should not be barred from pursuing his collateral attack because *Buchmeier* was not decided until 2009—years after Petitioner filed his unsuccessful § 2255 motion. (11-cv-1359, Doc. 1 at 5).

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case. *See* Rule 1(b) Governing Section 2254 Cases in the District Courts.[2] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit. Therefore, Respondent will be directed to respond to the Petition.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the § 2241 Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within

---

[1] Of course, *Narvaez* involved a petition under § 2255, not § 2241. But language in *Narvaez* does raise questions about whether one may be found to be "actually innocent" of an erroneously-enhanced sentence after *Begay v. United States*, 553 U.S. 137 (2008), in this Circuit. If such "actual innocence" claims are now cognizable, the savings clause in § 2255(e) may authorize such petitioners to attack their sentences in § 2241 petitions, even if those petitioners had previously challenged their sentences in § 2255 petitions.

[2] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>7th</u> day of November, 2011.

                                                s/ Joe B. McDade
                                              JOE BILLY McDADE
                                      United States Senior District Judge