UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FRANKIE ALICEA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.  11-cv-1359 |
| | ) |
| RICARDO RIOS, *Warden*, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Frankie Alicea's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondent has filed a Response (Doc. 6) and Petitioner filed a Reply (Doc. 7). For the reasons stated below, Petitioner's Petition is dismissed.

### BACKGROUND

In 1994, Petitioner was convicted by a jury on six separate counts, including one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), after a trial in the Northern District of Illinois. (Doc. 1 at 1). His sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the finding that Petitioner had at least three qualifying prior convictions. (Doc. 1 at 2). He was sentenced to 322 months' imprisonment. (Doc. 1 at 2). This sentence was affirmed on direct appeal and Petitioner's later motion to vacate pursuant to 28 U.S.C. § 2255 was denied. (Doc. 1 at 2).

Petitioner makes two arguments for why his sentence is illegal. First, he argues that under the recent Seventh Circuit decision in *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), the prior offenses that served as the basis for his ACCA sentence enhancement should not have counted as ACCA predicate offenses. (Doc. 1 at 2-3). He argues that the notice he allegedly received from the Illinois Department of Corrections that many of his civil rights were restored following his state convictions, similar to the notice at issue in *Buchmeier*, failed to notify him of any firearms restrictions that remained, and that therefore 18 U.S.C. § 921(a)(20)[1] prohibited those convictions from being used to enhance his sentence. (*See* Doc. 1 at 3-5). Second, he argues that his prior drug offense convictions should not have counted as ACCA predicate offenses for the additional reason that the amount of heroin that resulted in the convictions was too small for it to be considered a serious felony. (Doc. 1 at 5-6).

Regarding the propriety of relief under § 2241, Petitioner argues that new precedent allows federal prisoners to seek habeas corpus review of improper ACCA enhancements. (Doc. 1 at 2). He claims that he is "actually innocent of being an Armed Career Criminal," and is entitled to habeas corpus relief.

---

[1] The relevant part of this subsection provides:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

## DISCUSSION

A federal prisoner whose claim falls within the scope of a 28 U.S.C. § 2255 motion may only file for a writ of habeas corpus under 28 U.S.C. § 2241 in very limited circumstances. § 2255(e). The specific provision reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. This has the effect of barring most habeas corpus petitions filed by federal prisoners absent a showing that § 2255 is inadequate. *Id.*; *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).

As a federal prisoner challenging the validity of his sentence, Petitioner would ordinarily be required to bring his claim as a § 2255 motion. Thus, the question is whether a § 2255 motion would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). The fact that a previous § 2255 motion was denied also fails to make § 2255 inadequate to test the legality of detention. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

The Seventh Circuit has held that § 2255 is inadequate "when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson*, 347 F.3d

214, 217 (7th Cir. 2003); *see also In re Davenport*, 147 F.3d at 611 ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."). In particular, where there is a change in the law that would render a prisoner actually innocent, yet it is not a rule of constitutional law that would allow the prisoner to bring a successive § 2255 motion pursuant to § 2255(h), § 2241 may be available. *In re Davenport*, 147 F.3d at 610. This line of reasoning has recently been extended to cases in which the prisoner is not actually innocent of the crime of conviction, but is ineligible for a sentence enhancement under the ACCA based on a retroactive change in the law, as that may be a comparable fundamental error. *See, e.g., Brown v. Rios*, 696 F.3d 638, 640-41 (7th Cir. 2012). However, § 2255 is not inadequate if an argument for relief was merely novel; it must have been foreclosed by precedent prior to the change in the law. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007).

Petitioner is not entitled to seek relief pursuant to § 2241 because § 2255 is not inadequate or ineffective to test the legality of his detention. Contrary to Petitioner's apparent belief, not all ACCA sentence enhancement challenges can be reviewed under § 2241; they must still be arguments for which § 2255 is inadequate. Regarding his second ground for relief, based on the amount of heroin involved in his prior drug offenses, Petitioner makes no reference to a change in the law that would render § 2255 inadequate, and his claims appear to be entirely

4

based on statutory language. There is simply no indication that § 2255 is inadequate to correct any potential error.

Though Petitioner relies on a recent Seventh Circuit case for his first claim, that the notice informing him of the restoration of some of his rights did not include an express restriction on firearms use or possession, Petitioner cannot seek habeas relief for this claim either. As Respondent correctly argues, there was no change in the applicable law such that he now has a claim he could not have raised in a prior § 2255 motion. *Buchmeier*, the case Petitioner relies on, reaffirmed Seventh Circuit precedent in holding that certain civil rights restoration notices without express firearms exceptions render the related convictions unable to be used for ACCA enhancement pursuant to 18 U.S.C. § 921(a)(20).

Not only did *Buchmeier* not change the law, but its holding is not even novel. It is but one in a long line of cases stretching back to 1990, when the Seventh Circuit decided *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990). In *Buchmeier*, the court noted that although the discussion of § 921(a)(20) in *Erwin* may have been dictum, that approach became the holding in a 1994 case[2] and has been followed in this circuit since. *Buchmeier*, 581 F.3d at 565. In each of these cases, the Court considered the meaning of § 921(a)(20) and its limits on convictions that may be used for ACCA purposes. Even if *Buchmeier* were the case which most clearly supported Petitioner's claim, Petitioner could have raised this argument in prior challenges to his sentence, citing analogous cases such as *Glaser*. The argument

---

[2] The case, *United States v. Glaser*, 14 F.3d 1213 (7th Cir. 1994), was decided January 26, 1994, even before Petitioner was convicted and sentenced. Petitioner thus had multiple opportunities to raise this argument.

5

Petitioner wishes to make was certainly not foreclosed before *Buchmeier*; thus, § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention.

The two cases cited by Petitioner to support his assertion that he is entitled to § 2241 relief do not sway the Court. Petitioner first cites *Narvaez v. United States*, 641 F.3d 877 (7th Cir. 2011). After Petitioner's brief was filed, this decision was withdrawn and superseded by *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). Although that case deals with the availability of relief under § 2255 and not § 2241, it does indicate that an ACCA enhancement error may be comparable to an actual innocence claim and therefore cognizable on collateral attack. *Narvaez*, 674 F.3d at 628-29. However, Petitioner would still need to show the additional requirement of a change in law, which he is unable to do.

Petitioner also cites an unreported opinion from the Southern District of Illinois, *Gillaum v. Cross*, No. 11-cv-482, 2011 WL 3611345, 2011 U.S. Dist. LEXIS 91070 (S.D. Ill. Aug 16, 2011). Petitioner is correct that this opinion suggests § 2241 may be available to a petitioner with a claim under *Buchmeier*. However, this does not impact the Court's analysis for three reasons. First, the decisions of other district judges, even within the same circuit, are not binding on this Court. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987). Second, the decision is an unreported opinion ordering the respondent to respond to a habeas petition, upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. At this stage, a court is reviewing the petition without the benefit of the respondent's response, to determine whether the petition

is plainly without merit. The threshold a petitioner must meet for the court to order a response from the respondent is very low; thus, the analysis is often not as complete as in a final habeas order. Third, the Court respectfully disagrees with the analysis in *Gillaum*.[3] As addressed above, the cases allowing for § 2241 review require there to have been a change in the law that no longer forecloses the claim the petitioner raises. *See, e.g.*, *Hill*, 695 F.3d at 648-49; *In re Davenport*, 147 F.3d at 610. Again, Petitioner cannot satisfy this requirement.

## CONCLUSION

Petitioner cannot raise his claims under 28 U.S.C. § 2241, as he has not shown that § 2255 is inadequate or ineffective; on the contrary, the arguments he now raises were available to him before his initial § 2255 motion was filed. Therefore, the Court does not have jurisdiction to hear Petitioner's claims pursuant to 28 U.S.C. § 2255(e), and must dismiss Petitioner's Petition without addressing the merits of his claims. IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

Entered this 20th day of November, 2012.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                        United States Senior District Judge

---

[3] The Court notes that the same judge who decided *Gillaum* more recently dismissed a *Buchmeier*-based § 2241 petition on preliminary review because there had been no change in the law. *Stallings v. Cross*, No. 12-cv-1097, 2012 WL 5415350 (S.D. Ill. Nov. 6, 2012).